O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. NAGATA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 13-1770 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The sole disputed issue listed in the Joint Stipulation ("Jt Stip") is whether the Administrative Law Judge ("ALJ") properly determined at step five of the Commissioner's sequential evaluation process that plaintiff could perform work existing in significant numbers in the national economy. (See Jt Stip at 4.) The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

At step five of the Commissioner's sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); see also 20 C.F.R. §§ 404.1520(a)(1)(v), 416.920(a)(1)(v). The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. See Johnson v. Shalala, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Where, as here, the testimony of a vocational expert ("VE") is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001); Burkhart v. Bowen, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b). However, an ALJ may not rely on a VE's testimony regarding the requirements of particular jobs that the claimant might be able to perform without first inquiring of the VE whether his testimony conflicts with the DOT and without obtaining a reasonable explanation for any apparent conflict(s). See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p[2]). An ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. See Johnson, 60 F.3d at 1435; see also Tommasetti, 533 F.3d at 1042; Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ determined that plaintiff had a residual functional capacity ("RFC") to perform a range of sedentary work with the following additional limitations (see AR 16) (emphases added)):

---

[2]   Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

> "His left upper extremity is *unable to perform any activity above the shoulder.* He can occasionally perform postural activities, such as balance, stoop, kneel, crouch, and crawl, but he cannot climb ladders, ropes and scaffolds. He cannot work at protected heights. He is limited to *simple repetitive tasks* and to frequent public contact."

After taking the testimony of a VE, the ALJ determined that plaintiff could perform other work in the national economy, specifically the jobs of "assembly work" and "general office document preparer." (See AR 19; see also AR 289.) The ALJ also found that the VE's testimony was consistent with information contained in the Dictionary of Occupational Titles ("DOT"). (See AR 19.)

### A. Analysis

As a threshold matter, despite the ALJ's ultimate finding that the VE's testimony was consistent with the DOT, the parties agree that the ALJ erred by failing to ask the VE directly whether there was such a consistency. (See Jt Stip at 6, 11-12, 17.) The Ninth Circuit has held that an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. See Massachi, 486 F.3d at 1152. However, as discussed below, the Court finds that the error was harmless as to the "assembly work" job.

#### 1. General Office Document Preparer (DOT No. 249.587-018)

With respect to the job of general office document preparer, plaintiff contends that the VE's testimony contradicted the DOT because this job's reasoning level conflicts with plaintiff's limitation to simple, repetitive tasks. (See Jt Stip at 8-9.) The Court agrees.

//

The job of general office document preparer requires Reasoning Level 3.[3] There is a split among some Circuit courts over the issue of whether a job requirement of Reasoning Level 3 conflicts with a limitation to simple, repetitive tasks. Compare Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding apparent conflict between job requiring Reasoning Level 3 and claimant's limitation to simple and routine work tasks); with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (finding no conflict between job requiring reasoning level of three and claimant's limitation to simple work), and Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding no apparent conflict between job requiring reasoning level three and claimant's inability to do complex technical work).

Although the Ninth Circuit has not yet addressed the issue, the weight of authority in this Circuit appears to be consistent with Hackett rather than Terry and Renfrow. See, e.g., Espinoza v. Astrue, 2013 WL 327889, at *3 (C.D. Cal. Jan. 29, 2013); Adams v. Astrue, 2011 WL 1833015, at *4 and n.4 (N.D. Cal. May 13, 2011) (listing several courts in Ninth Circuit that have held there is an apparent conflict when an ALJ determines that a person limited to simple, repetitive tasks can perform a job with Reasoning Level 3); Grimes v. Astrue, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011); Torrez v. Astrue, 2010 WL 2555847, at *8-*9 (E.D. Cal. June 21, 2010). Accordingly, the Court concurs with plaintiff that there was an apparent conflict between the VE's testimony that a person with plaintiff's limitations could perform the job of general office document preparer and the DOT's requirement of Reasoning Level 3. Moreover, the record does not contain any evidence, much less persuasive evidence, to support the deviation.

The Commissioner argues that there was no apparent conflict because the

---

[3] According to the DOT, Reasoning Level 3 requires the ability to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations.

general office document preparer job can be performed by a worker with plaintiff's educational and job history (i.e., a four-year degree in engineering and past jobs as a consulting engineer and design engineer). (See Jt Stip at 15.) The Court disagrees because the Commissioner fails to account for more recent evidence of plaintiff's deterioration from depression, evidence which the ALJ accepted and found limited plaintiff to simple, repetitive tasks with only frequent public exposure. (See AR 17.)

The Commissioner also argues that the general office document preparer job can be performed by a worker with plaintiff's limitation to simple, repetitive tasks because the job has a specific vocational preparation ("SVP") level of "two," an indication of unskilled work.[4] (See Jt Stip at 14.) The Court again disagrees. An occupation's SVP level, which measures the amount of time it takes for a worker to learn a job's duties, is not a proper measurement for whether sustained performance of the job entails the performance of simple, repetitive tasks. See Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) ("[C]ontrary to the Commissioner's argument here, the SVP level in a DOT listing indicating unskilled work, does not address whether a job entailed only simple, repetitive tasks.").

Accordingly, the Court finds that substantial evidence does not support the ALJ's step five determination as to the general office document preparer job.

### 2. Assembler (DOT No. 734.687-018)

Plaintiff contends that the ALJ's determination that he could perform the assembler job was erroneous because the VE's testimony raised an apparent conflict with the opinion of the State Agency physician, Dr. Lizarraras, that plaintiff should

---

[4] An SVP rating contemplates how long it generally takes to learn a job. See Terry, 903 F.2d at 1276. An SVP of 2, which contemplates "anything beyond short demonstration up to and including 1 month," corresponds to the definition of unskilled work in the Commissioner's regulations. See Terry, 903 F.2d at 1276; see also 20 C.F.R. §§ 404.1568(a), 416.968(a).

be limited to frequent overhead reaching, which is more restrictive than the assembler job's requirement of constant reaching.[5] (See AR 148.) Plaintiff also makes the related contention that the ALJ erred by failing to incorporate Dr. Lizarraras's findings in his RFC determination. (See Jt Stip at 5-8.) The Court disagrees with both contentions.

First, although Dr. Lizarraras did not specifically state that the overhead reaching limitation to which he opined applied to a particular shoulder, his opinion explicitly was based on arthroscopic surgery that plaintiff had on only his left shoulder. (See AR 143, 148.)[6] There is no evidence in the record that plaintiff had an overhead reaching limitation in both his left and right shoulder.[7] The Court therefore finds that Dr. Lizarraras's failure to specifically state that the overhead reaching limitation applied only to plaintiff's left shoulder at most created an ambiguity that was within the ALJ's province to resolve adversely to plaintiff. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").

Second, the DOT describes the assembler job as an occupation that requires

---

[5] According to the DOT, frequent reaching is an activity that exists one-third to two-thirds of the time. But the assembler job requires constant reaching, an activity that exists two-thirds or more of the time.

[6] At one point, Dr. Lizararras erroneously noted that the surgery was performed on plaintiff's right shoulder. (See AR 148.)

[7] Although plaintiff testified that his right hand was a "little numb" (see AR 285), no doctor, including Dr. Lizarraras, recommended any limitations in hand functions such as handling, fingering, or feeling (see AR 109, 148, 166). Moreover, plaintiff does not challenge the ALJ's adverse credibility determination with respect to his subjective symptom testimony or allege that the ALJ's RFC determination should have incorporated any limitations in his right hand.

constant reaching. Reaching is defined as "extending the hands and arms in any direction." See Social Security Ruling ("SSR") 85-15, at *7. Here, however, plaintiff's limitation in activity above the shoulder applied only to his left arm. Several courts have found that reaching and other functions of the arms, as described in the DOT, can be performed despite a worker's limitation in only one arm. See, e.g., Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000); Palomares v. Astrue, 887 F. Supp. 2d 906, 920 (N.D. Cal. 2012); Pires v. Astrue, 553 F. Supp. 2d 15, 21, 26 (D. Mass. 2008); Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005); Sims v. Colvin, 2014 WL 3362286, at *7 (N.D. Cal. Jul. 7, 2014); Powell v. Colvin, 2013 WL 6797569, at *4 (C.D. Cal. Dec. 19, 2013); Salcido v. Astrue, 2012 WL 2160346, at *4 (C.D. Cal. Jun. 13, 2012); McConnell v. Astrue, 2010 WL 1946728, at *7 (C.D. Cal. May 10, 2010); Feibusch v. Astrue, 2008 WL 583554, at *5 (D. Haw. Mar. 4, 2008); see also Suarez v. Astrue, 2012 WL 4848732, at *4 (C.D. Cal. Oct. 11, 2012) (finding no apparent conflict where VE testified that plaintiff, who was limited in one arm, could perform jobs including small products assembler II and bench assembler). Accordingly, the Court finds no apparent conflict between the VE's testimony and the DOT with respect to the assembler job.

### B. Conclusion

Although the Court cannot find that the ALJ's determination that plaintiff could perform the job of general office document preparer was supported by substantial evidence, the Court finds that the error was harmless because the ALJ's determination that plaintiff could perform the job of assembler was supported by substantial evidence. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when such error is inconsequential to the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rules applies to review of administrative decisions regarding disability); see also Lara v. Astrue, 305 Fed. Appx. 324, 326 (9th Cir. 2008)

("To the extent the VE was overly broad and included jobs that [plaintiff] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision."). Moreover, based on the VE's testimony that there were 1,500 assembler jobs regionally and 68,600 nationally (see AR 19, 289), the Court finds that the Commissioner has satisfied her burden at step five of demonstrating that work exists in significant numbers in the national economy that plaintiff could do despite his limitations. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (finding 1,266 regional jobs to constitute a significant number and citing with approval decisions finding several hundred jobs to be significant).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: September 3, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE